CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: c.kuhner@kornfieldlaw.com

Attorneys for Debtor-In-Possession Project Pizza, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 25-30397 HLB |
|---|---|
| Project Pizza, LLC, | Chapter 11 |
| Debtor. | **MOTION TO APPROVE STIPULATION RE (1) REJECTION OF CONTRACT WITH INKIND CARDS, INC., INKIND CREDIT FUND LP, AND INKIND WAREHOUSE FACILITY LLC; (2) HONORING EXISTING CREDITS; AND (3) ALLOWANCE OF INKIND CLAIM** |

Project Pizza, LLC, chapter 11 debtor and debtor in possession, (the "Debtor") hereby moves for the approval of the Stipulation Re (1) Rejection of Contract with inKind Cards, Inc., inKind Credit Fund LP, and inKind Warehouse Facility LLC; (2) Honoring Existing Credits; and (3) Allowance of inKind Claim ("Stipulation").

The Debtor respectfully represents as follows in support of this Motion.

I. FACTUAL BACKGROUND

1. The Debtor is an Italian restaurant located on Clement Street in San Francisco, California. The Debtor does business as Fiorella Clement. On May 20, 2025, the Debtor filed for protection under Chapter 11 of the Bankruptcy Code electing to proceed pursuant to subchapter V

Motion to Approve Stipulation Re Contract with inKind Cards, Inc. -1-

of the Bankruptcy Code. Gina Klump was appointed as the subchapter V trustee. The Debtor remains as debtor in possession.

2. The Debtor is one of four (4) restaurants that the ownership group that founded the Debtor operate in San Francisco. The other restaurants include Project Pizza Polk LLC dba Fiorella Polk, Project Pizza Sunset LLC dba Fiorella Sunset (currently in a Chapter 11 bankruptcy in related Case No. 25-30258), and Project Pizza Noe LLC dba Fiorella Noe ("Affiliate Restaurants"). The Affiliate Restaurants are operated by an entity called Fiorella Restaurant Group.

3. On March 10, 2022, prior to filing this bankruptcy case, the Debtor, Project Pizza Sunset LLC, Project Pizza Polk LLC, and inKind entered into a Contract (the "Contract") which was amended several times. Attached as group **Exhibit A** to the declaration of Boris Nemchenok is a true and correct copy of the Contract and amendments. On March 30, 2022 , the Debtor and the Affiliate Restaurants received $150,000 in working capital from inKind in exchange for $300,000 in credit for use at any of the Affiliate Restaurants, and authorized inKind to sell such credits to its customers. On March 9, 2023 the Debtor and the Affiliate Restaurants received an additional $150,000 in working capital in exchange for $300,000 in credit for use at any of the Affiliate Restaurants, and authorized inKind to sell such credits to its customers. On March 21, 2024 , the Debtor and the Affiliate Restaurants received an additional $100,000 in working capital in exchange for $200,000 in credit for use at any of the Affiliate Restaurants, and authorized inKind to sell such credits to its customers. On June 25, 2024, the Debtor and the Affiliate Restaurants received $200,000 in working capital in exchange for $400,000 in credit for use at any of the Affiliate Restaurants, and authorized inKind to sell such credits to its customers. On September 17, 2024 Debtor and the Affiliate Restaurants received an additional $100,000 in working capital in exchange for $200,000 in credit for use at any of the Affiliate Restaurants, and authorized inKind to sell such credits to its customers.

4. As of May 23, 2025, inKind had sold and customers had used $863,043 in credit under the Contract. $536,957 in credit remains unsold. There is $14,103 in outstanding House Account balances previously sold by inKind that has not been redeemed by the holding customers.

5. Customers who purchase credit from inKind can then redeem it at the Debtor's restaurant and any of the Affiliate Restaurants.

6. In addition, the Contract provides that inKind supply marketing services for the Debtor, which obligation inKind has satisfied. Under the terms of the Contract after twelve (12) months from the date of the funding, inKind, at its sole discretion, may require the Debtor to "buy back" any remaining credit at a rate of $1.12 per $2.00 of credit. Finally, the Contract provides that the debt arising under the Contract is secured by the Debtor's personal property. However, inKind did not file a UCC-1 Financing Statement with the California Secretary of State's office.

7. The Debtor and inKind dispute whether the Contract is executory, as defined in the Bankruptcy Code, and, thus, whether the Contract can be rejected. In an effort to resolve such dispute, and without admitting to any designation of the Contract being executory, the Parties have agreed to allow the Debtor to take the actions set forth herein.

8. The Debtor shall honor the outstanding Gift Cards if a customer presents the Gift Card at the Debtor's location or any of the Affiliate Restaurants.

9. On June 5, 2025, inKind filed a claim for an unsecured claim, Claim No. 6, in the amount of $459,705 ("inKind Unsecured Claim").

10. inKind and the Debtor have engaged in informal negotiations to resolve the disputes regarding the Contract, including the allowance of the inKind Unsecured Claim and have entered into the Stipulation.

## II. LEGAL ARGUMENT

11 U.S.C. §365 allows the Debtor to reject any executory contract if in the Debtor's judgment the contract is burdensome to the estate and its creditors. See *Lamet Waterford, Ltd. v. Victoria Station, Inc.,* 875 F. 2d 1308 (9th Cir. 1989).

Rejection of an executory contract or an unexpired lease is particularly critical because it permits the bankruptcy estate to free itself from burdensome post-petition obligations that do not promote a successful reorganization of the debtor. *National Labor Relations Board v. Bildisco & Bildisco*, 465 U.S. 513, 528, 104 S. Ct. 1188 (1984).

The propriety of the decision to assume or reject an executory contract or unexpired lease normally is determined under the business judgment test. *In re Pomona Valley Med. Group, Inc.*, 476 F. 3d 665, 670 (9th Cir. 2007). Courts in the Ninth Circuit apply a broad reading of the business judgment rule, applying the presumption that "the debtor-in-possession acted prudently on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.),* 476 F.3d 665, 670 (9th Cir. 2007). Further, the Ninth Circuit has held the court "should approve rejection unless it finds that the debtor-in-possession's conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Id*.

In this case, the Debtor has properly exercised its business judgment in requested that the Court authorize the Debtor to reject the Contract. First, the credit "buy back" would obligate the Debtor to pay inKind $1.12 for every $2.00 of outstanding credit which would treat inKind's general unsecured claim superior to the unsecured creditors in this case and unnecessary create an expense without the accompanying benefit to the Debtor and the bankruptcy estate.

Second, the Debtor believes that the cost to the Debtor and the bankruptcy estate to assume the Contract does not equate the value of the inKind marketing services.

Finally, by continuing to honor the Gift Cards, the Debtor receives a credit against inKind's pre-petition unsecured claim which has no value to the bankruptcy estate.

Based on the above factors, the Debtor's decision to enter into the Stipulation to reject the Contract is well within the proper exercise of its business judgment.

### III. CONCLUSION

WHEREFORE, Debtor request entry of an order authorizing and approving the Debtor's Stipulation with inKind.

Dated: July 29, 2025         Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By: /s/ Chris D. Kuhner
(Bar No. 173291)
Attorneys for Debtor-In-Possession